UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TREK, INC.,

        Plaintiff,                            Case No. 2:16-cv-13767

v.                                       HONORABLE STEPHEN J. MURPHY, III

ITR AMERICA, LLC, et al.,

        Defendants.

_____/

**OPINION AND ORDER DENYING**
**DEFENDANTS' MOTION TO DISMISS OR TRANSFER [12]**

Plaintiff Trek, Inc. brought suit against Defendants ITR America, LLC, Mark Davis, and James Marcum, alleging nine causes of action: (1) Breach of Fiduciary Duty (Davis and Marcum); (2) Breach of Contract (Davis and Marcum); (3) Michigan Uniform Trade Secrets Act, Mich. Comp. Laws § 445.1901; (4) Defend Trade Secrets Act, 18 U.S.C. § 1836(b); (5) Unfair Competition; (6) Unjust Enrichment; (7) Tortious Interference With an Advantageous Business Relationship or Expectancy; (8) Statutory and Common-Law Conversion (Davis and Marcum); and (9) Computer Fraud and Abuse Act, 18 U.S.C. § 1030. Defendants filed a motion to dismiss or transfer the case. For the following reasons, the Court will deny the motion.

**BACKGROUND**

Until the summer of 2016, Trek employed both Davis and Marcum. Davis managed Trek's Michigan Sales & Purchasing branch; Marcum managed the Nevada Sales branch. About eight months ago, both Davis and Marcum left Trek and went to work for Trek's competitor, ITR. Trek claims that after Davis decided to leave Trek to work for ITR, he downloaded information from Trek's consumer information database onto a portable hard

drive. Trek alleges that, after the download, Davis deleted information from the Trek computer and the log record. Trek makes similar claims regarding Marcum.

According to Trek's complaint, ITR induced both employees to take the information, provided technical expertise to assist, and accessed Trek's confidential internal computer systems. Trek claims that ITR used the confidential information taken by Davis and Marcum to compete against Trek. For instance, Trek alleges that ITR has recently submitted price quotes to Trek customers using Trek's unique internal reference numbers which are not publically available.

A few weeks before Trek filed suit against ITR, Davis, and Marcum, however, ITR sued Trek in a United States District Court for the Southern District of Mississippi. *See ITR America, LLC v. TREK, Inc. and Tu Cao*, Case No. 3:16-cv-703.  ITR moves the Court to now transfer Trek's complaint to the Southern District of Mississippi or to dismiss Trek's complaint without prejudice.

**LEGAL STANDARD**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). "To transfer an action under section 1404(a) the following criteria must be met: (1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) transfer is in the convenience of the witnesses and parties." *Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393, 398 (E.D. Mich. 1994). In ruling on a § 1404(a) motion, the Court should consider "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come

2

under the rubric of interests of justice." *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (quotations omitted). "Generally, a plaintiff's choice of forum will be given deference unless the defendant makes an appropriate showing." *Flagstar Bank, FSB v. Estrella*, No. 13-CV-13973, 2013 WL 6631545, at *2 (E.D. Mich. Dec. 17, 2013).

## DISCUSSION

As an initial matter, the Court finds that the Eastern District of Michigan serves as a proper venue because "a substantial part of the events . . . giving rise to the claim occurred" in Michigan. 28 U.S.C. § 1391(b). Trek is a Michigan corporation. Its principal place of business is Novi, Michigan. Davis is a Michigan citizen and worked for Trek in Michigan. FAC ¶¶ 4, 19, ECF No. 5. And Marcum frequently traveled to Michigan while employed by Trek. *Id.* ¶ 5. Trek alleges that Davis and Marcum—induced and assisted by ITR—downloaded and deleted Trek's confidential, proprietary, trade-secret information. *Id.* ¶¶ 26–29, 35–38. According to Trek, the harm from the Defendants' wrongful actions occurred in Michigan.

Defendants do not challenge venue or personal jurisdiction. Rather, Defendants argue that under the first-to-file doctrine, the Court should dismiss Trek's suit without prejudice, or transfer it to the Southern District of Mississippi. Under the first-to-file doctrine, a court may transfer venue when "two cases involving precisely the same issues are simultaneously pending in different District Courts." *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990) (quotations omitted). The doctrine exists to prevent the waste of "time, energy and money" caused by duplicative litigation. *Id.*

Defendants contend that Trek's case substantially overlaps with ITR's earlier-filed Mississippi lawsuit, *ITR America, LLC v. TREK, Inc. and Tu Cao*. In that suit, ITR claims

that Trek and former ITR employee Tu Cao stole trade secrets. Compl. ¶ 12, 14, Case No. 3:16-cv-703. As evidence of the similarity between the suits, ITR points out that Trek alleged nearly identical causes-of action against ITR in the later-filed Michigan suit as ITR had alleged in the earlier-filed Mississippi suit: they both invoked the Defend Trade Secrets Act, 18 U.S.C. § 1836(b), Computer Fraud and Abuse Act, 18 U.S.C. § 1030, a state-law trade secrets act, and a common law interference with business relations claim. *See* Mot. 4, ECF No. 12.

Defendants' argument is unavailing. Despite the facial similarity of the causes-of-action, the Mississippi and Michigan lawsuits present substantially different questions of fact. For instance, the Mississippi suit alleges that—while Cao was employed by ITR—he downloaded ITR trade secrets from an ITR laptop. Compl. ¶ 12, Case No. 3:16-cv-703. The Michigan suit alleges that—while Defendants Davis and Marcum were employed by Trek—they downloaded Trek's trade secrets from a Trek computer. FAC ¶¶ 26, 35, ECF No. 5. Each suit alleges different actions, carried out by different people, in different locations. As a result, separate Mississippi and Michigan lawsuits present no risk of "duplicative litigation and conflicting judgments" since the cases offer discrete questions of fact. *Steavens v. Elec. Data Sys. Corp.*, No. 07-14536, 2008 WL 5062847, at *3 (E.D. Mich. Nov. 25, 2008). Moreover, Defendants have not shown that transfer from Michigan would offer any net convenience benefit to parties or witnesses. And the Court will not transfer venue when "the result is simply to shift the inconvenience from one party to another." *Flagstar Bank*, 2013 WL 6631545, at *2.

## ORDER

4

WHEREFORE it is hereby **ORDERED** that Defendants' Motion to Dismiss or

Transfer Venue [12] is **DENIED WITH PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 2, 2017

I hereby certify that a copy of the foregoing document was served upon the parties
and/or counsel of record on March 2, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager